HAYES *v.* STATE.[*]

(Division B. April 1, 1929.)

[121 So. 281. No. 27568.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 2309, p. 940, n. 46; Intoxicating Liquors, 33CJ, section 543, p. 788, n. 85.

*H. A. Shotts,* for appellant.

*James W. Cassedy,* Jr., Assistant Attorney-General, for the state.

Ethridge, P. J. The appellant was convicted in the county court of Lauderdale county of the sale of intoxicating liquor and fined five hundred dollars, with thirty days in jail, and also with a suspension of two hundred fifty dollars of the fine during good behavior. The intoxicating liquor was what is known as home-brew. There were two witnesses to the purchase of this liquor, and each of them drank of this home-brew. One testified that he had drank five bottles of the home-brew and that he did not believe it was intoxicating, and the other testified that he drank one bottle and part of another and that it was intoxicting.

It appears that both of these witnesses were drunk at some time during the day on which the purchase was made. One testified that he became drunk after purchasing some whisky from a negro after drinking the home-brew. There was testimony to the effect that the other witness was intoxicated prior to the purchase of the

home-brew, but the witness himself testified that he was not intoxicated, and that the home-brew was intoxicating.

We think it was for the jury to determine whether or not the evidence that the liquor was intoxicating was sufficient to convict.

The appellant requested the following instruction, which was refused by the county court: "The court instructs the jury for the defendant that in considering the evidence of any witness in this case whom witnesses have testified were drunk may take into consideration the fact that said witness was drunk in giving weight to said witness testimony and draw such deduction from said drunken witness testimony as the jury may see proper."

This instruction was properly refused because it was upon the weight of the evidence. The court may instruct the jury what they may take into consideration, but may not give them instructions as to its weight, or that they shall give, or not give, it weight.

*Affirmed.*